WILLIAM DWYER *vs.* LENA BRATKOYSKY & another.

Suffolk.    March 21, 1898. — March 21, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Equity — Decree warranted by Pleadings.*

On an appeal from a decree entered by a single justice, dismissing a bill in equity with costs, the evidence was not before the court; the only papers before it were the pleadings, the only question of law was whether such a decree properly could be entered under the pleadings, and there were no such admissions in the answer as would prevent the entering of such a decree. *Held*, that the decree was warranted by the pleadings, and must be affirmed.

BILL IN EQUITY, filed May 2, 1896, praying for the removal of a wall and all other obstructions from a certain passageway, and that the passageway be placed in as good condition as it was in before they were projected.

. The bill alleged that the plaintiff was seised of certain premises conveyed to him by deed, which contained the provision that "said premises are hereby conveyed, together with the right to use freely the three-foot private passageway on the southerly side of said premises, in common with the occupants of the adjoining estates"; that the foregoing was from a deed of the premises dated May 5, 1853, and duly recorded, and had been followed down through the different conveyances to the

plaintiff ; that the passageway therein described had been used
for fifty years consecutively as appurtenant to the plaintiff's es-
tate, and had been and was of great benefit to the plaintiff's
premises in affording free and unobstructed access to and from
the street upon which the premises were located ; that there was
no way of passing to the rear of the premises except through the
front door of the building ; that any obstruction to the free use
of the passageway was of great damage to the rightful enjoy-
ment of the premises ; that the defendants had purchased the
land on the southerly side of the premises over which the pas-
sageway ran, and had erected a large brick building on the land,
and had placed a heavy brick wall, not less than sixteen inches
thick, on the passageway in order to support the building above,
and had covered over the passageway, and thus had narrowed it
nearly one half, and had deprived the plaintiff of his right to
the free use and benefit thereof, as used for upwards of fifty
years and appurtenant to his estate ; and that the defendants
now pretended to own the right to erect the wall in the passage-
way, and to build over it, and, although often requested by the
plaintiff, they neglected and refused to remove the wall, or to
allow the free use of the passageway.

The defendants set up in their answer that they were the
owners of the property, and constructed the building as set forth
in the bill ; but that before the filing thereof they conveyed the
property to one Wasserman, and did not at the time of the filing
of the bill own, nor have they since owned, the property.

They also answered specifically : 1. That they admitted the
title to the estate of the plaintiff as set forth in the bill, but
denied that he was entitled to the use of a three-foot passageway
ascertainable by metes and bounds, and denied that an easement
by prescription had been acquired by the plaintiff or his grantors
over the land of the defendants or their grantors which would
admit of definite location. 2. That they had provided a three-
foot passageway for the plaintiff over the land whereon the
edifice complained of was located, and that the same was free
and open to the use of the plaintiff ; and denied that a pas-
sageway to the rear of the plaintiff's land had been obstructed.
3. That they admitted the former ownership of the land on
the southerly side of the plaintiff's land, and the erection of a

building by them, as set forth in the plaintiff's bill, but denied that they had deprived the plaintiff of the free use and enjoyment of a three-foot passageway leading from his land; and further denied that they had encroached upon any vested right of the plaintiff or his grantors. 4. That at the time they were erecting the building complained of they received no notice or complaint from the plaintiff asserting rights to a defined easement, nor were any formal objections made by the plaintiff to the building of the supporting wall; and that, acting in good faith, they continued the construction of the wall, and that the removal of the same would work irreparable injury to the edifice constructed by them.

*Allen,* J., dismissed the bill, with costs; and the plaintiff appealed to the full court.

*J. T. Wilson,* for the plaintiff.

*W. H. Preble,* for the defendants, submitted the case on a brief.

FIELD, C. J.   This is an appeal from a decree entered by a single justice, dismissing the bill, with costs. The evidence on which the case was heard has not been brought before us. The only papers before us are the pleadings, and the only question of law is whether such a decree properly could be entered under the pleadings. There are no such admissions of fact in the answer as would prevent the entering of such a decree. The decree therefore was warranted by the pleadings, and must be affirmed.      *So ordered.*