THOMAS W. MERRILL, trustee, & another, *vs.* ALONZO F. PRESTON & others.

Suffolk. January 25, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Deed*, Construction. *Words*, " Heirs at law."

In the absence of anything expressly indicating a contrary intention, the words " heirs at law " in an instrument of gift indicate those who are such at the time of the death of the ancestor referred to.

By a deed of trust a portion of a fund upon the death of a beneficiary for life was to go to H., " if then living, but if then deceased to his heirs at law." H. died before the beneficiary for life. *Held*, that, there being nothing in the deed to indicate a contrary intention, the heirs at law of H. who were to take upon the death of the beneficiary for life were to be ascertained as of the time of the death of H.

PETITION, filed in the Probate Court for the county of Suffolk on May 25, 1901, for an order of distribution to be made by the first petitioner, Thomas W. Merrill, as trustee under a deed executed by Sarah S. Preston and Horatio W. Preston of a certain fund held for the benefit of Frances Maria Preston during her lifetime, she having died unmarried on October 22, 1898.

The provision of the deed under which distribution was sought was as follows: " and in trust to pay to said Frances Maria Preston the net income ascertained as aforesaid which shall during her lifetime arise or accrue from the remaining ninth part of said trust property semi-annually into her hand or upon her receipt or order therefor signed at or immediately before the payment thereon, and not by way of anticipation and so as not to be liable for or subject to her debts, contracts, engagements or liabilities and at her decease to convey the last mentioned ninth part one third thereof to said Sarah S. Preston if then living, but if then deceased to her heirs at law and the other two thirds thereof to the said Horatio W. Preston, if then living, but if then deceased to his heirs at law."

Horatio W. Preston died on October 13, 1878, leaving no

issue, his sole heir at law at the time of his death being his mother, Sarah S. Preston, who died on July 15, 1882.

In the Probate Court *McKim*, J. made a decree that the whole fund should be paid to George D. Edmands, surviving executor under the will of Sarah S. Preston. The respondents Alonzo F. Preston, Eliza L. Kendall and Charles E. Stratton, conservator of the property of Sarah A. Harris, appealed.

On appeal the case came on to be heard before *Braley*, J., who at the request of the parties reserved it on the pleadings and agreed facts for determination by the full court.

The case was argued at the bar in January, 1904, before *Knowlton*, C. J., *Lathrop*, *Barker*, *Hammond*, & *Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*H. M. Aldrich*, for the trustee, stated the case.

*E. G. McInnes*, for Alonzo F. Preston and Eliza L. Kendall.

*F. B. Newton*, for Sarah A. Harris.

*H. K. Brown*, for George D. Edmands, surviving executor under the will of Sarah S. Preston.

HAMMOND, J. The part of the trust deed now presented for interpretation directs the trustee to pay the net income of one ninth of the trust fund to Frances Maria Preston, and at her decease to convey this ninth, " one third thereof to said Sarah S. Preston if then living, but if then deceased to her heirs at law and the other two thirds thereof to the said Horatio W. Preston, if then living, but if then deceased to his heirs at law." The precise question is whether the words " heirs at law," as applicable to the estate of Horatio, are to be determined as of the time of his death, or of the death of the life beneficiary.

It already has been decided by this court that the term " heirs at law " in this deed, so far as applicable to the estate of Horatio, designates those persons who would inherit his land by the general rules of descent, and that under those rules, as well by the law of Maryland, where, at the time of his death he was domiciled, as by the law of Massachusetts, his mother, Sarah S. Preston, who survived him, was his sole heir at law ; and that, John A. Preston one of the beneficiaries for life having died, she, as such heir, was entitled to receive the part of the trust fund then payable to the heirs of Horatio. *Merrill* v. *Preston*, 135 Mass. 451. It is to be observed that at the time of that

decision the mother, who was sole heir at law of Horatio at the time of his death, was still living, and hence the question now before us was not involved in the decision.

The clause in question cannot be taken out of its setting, but must be construed in the light of the general purposes and language of the whole deed. The donors were the widow and only child of Joshua P. Preston, deceased. They each had received from his estate considerable property, and they had " formed the design to make provisions for the benefit of " two of his brothers and three of his sisters ; and accordingly this deed was made. Briefly summarized, the deed created a trust fund, to which the widow contributed one third and the son two thirds, the net income of two ninths of which was to go to each of the deceased's brothers and to each of his two sisters Sarah and Eliza, and the income of the remaining one ninth to his sister Frances, during their respective lives. As to the two ninths set apart for the benefit of each brother, it was provided that upon the death of the life beneficiary one half, and if he left no issue surviving then the whole, of it was to go to the donors or their respective heirs at law, in the same proportion as that in which the donors had contributed ; but in case there were such issue surviving, then one half should go to such issue and the other half only to the donors. A similar provision was made as to the two ninths set apart for each of the two sisters Sarah and Eliza. As to the one ninth set apart for Frances, the whole was to go at her decease to the donors or their heirs. It is a fair inference from the deed that this change was made in reference to this one ninth because she was unmarried, and, from age or otherwise, not likely to have issue even if she should marry. In this way the donors set aside a certain portion of their property for the support of these brothers and sisters of Joshua P. Preston, intending that at least a part and possibly the whole of it at the respective deaths of the life beneficiaries should revert to them, the donors, if then living, and if not, then to their heirs. Moreover, so far as respected the life beneficiaries, the trust was what commonly is called a spendthrift trust. Neither the interest nor the principal could be reached by their creditors. In a word, a part of the estate of each donor was to be separated from the rest and devoted to this trust, and when the object of the diver-

sion should be accomplished it was to be returned to their heirs at law. The central idea of the scheme had reference, not to a classification of the property of the donors, nor of their heirs, but to the pecuniary benefit of certain relations of the deceased husband and father.

Coming now to the special language of the deed, we find that the deed is well drawn; and it is evident that the minds of the donors were directed many times to the question whether at the various times of the distribution of parts of the principal of the fund the distribution should be made to a whole class or only to the survivors of the class. For instance, as to the two ninths set apart for the benefit of each of the two brothers, the deed provides that at the decease of either brother the trustee shall divide one half of said two ninths, being one ninth, "into as many equal shares as there shall be children of him, then living or deceased leaving issue then living," and shall "apportion and convey one of said shares to each of said children then living, and one to the child or children then living of each deceased child aforesaid equally to be divided between them if more than one." So far the minds of the donors have been fixed upon the one ninth which shall go to the issue of the beneficiary, and the conclusion reached is that the principal of that one ninth shall go not as a vested interest to the whole issue of the life beneficiary, but as a contingent interest only to those who may be living at the time of his death. And all this is expressed clearly in apt language. With this thought fresh in their mind, the donors proceed to the directions for the other one ninth. As to this (and as to the first one ninth if the life beneficiary leaves no issue surviving him) the trustee is to convey one third part to the donor, Sarah, if then living, but if then deceased, to her heirs at law, and two thirds to Horatio, if then living, but if then deceased, to his heirs at law. The same question which had arisen as to the issue of the life beneficiary, namely, as to whether the distribution of the one ninth should be confined to those living at the time of the distribution, arose in substance when the donors came to designate what heirs of Horatio should take in case he should not be living at the time of distribution. In the case of the issue, they only were to take who were living at the time of the distribution. In the case of the heirs at law

of the respective donors, no such limitation is expressed. The
sharp contrast between the two clauses in this respect is sig-
nificant, and is entitled to much weight. It seems to us highly
improbable that if the intention was that the term "heirs at
law" should mean only those surviving at the time of the dis-
tribution, the donors whose minds had just been sharply drawn
to the expression of a similar intention with reference to the issue
of a life beneficiary, and had clearly expressed it, should have
failed to express the intention in language equally clear, espe-
cially when it is considered that the general rule is that the
term "heirs at law" designates those who are such at the time
of the death of the ancestor. The same remarks are applicable
to similar language used in that part of the deed which makes
provision for the two sisters Sarah and Eliza. The language with
reference to the one ninth set apart for Frances is different, it is
true, in that it contains no provision for distribution among her
issue, but, as before remarked, it is fair to infer that this differ-
ence in language was due to the expectation that she would leave
no issue. And in any event it is not reasonable to suppose that
the term "heirs at law" was used in any different sense in this
part of the deed than in the part relating to her brothers and
sisters.

In view of the predominant central purpose of the donors in
creating this fund as expressed in the deed, the sharp contrast
between the language designating the issue of a beneficiary who
are to take at a time of distribution and that designating the
heirs of the donors who are to take at such a time, and of the
general principle of interpretation that in the absence of any-
thing to the contrary the term "heirs at law" designates those
who are such at the time of the death of the ancestor, and of the
absence of anything expressly leading to a contrary interpreta-
tion, a majority of the court are of opinion that in the clause
relating to the distribution of the one ninth set apart for
Frances, which is the only clause now before us, the heirs at
law of Horatio are to be determined as of the time of his death.
The case is clearly distinguishable from *Wason* v. *Ranney*, 167
Mass. 159, upon which the respondents rely. For cases in our
own reports bearing upon the general rule as to the meaning of
the term "heirs at law," see *Childs* v. *Russell*, 11 Met. 16;

*Abbott* v. *Bradstreet*, 3 Allen, 587, and cases therein cited; *Heard* v. *Read*, 169 Mass. 216, and cases therein cited; *Rotch* v. *Rotch*, 173 Mass. 125.

The result is that the petitioner Edmands, the sole surviving executor of the will of Sarah S. Preston who was the sole heir at law of her son Horatio at the time of his decease, is entitled to receive as such executor the part payable to the heirs of Horatio. The decree of the Probate Court was correct.

*Decree affirmed.*