WILLIAM ROTCH & others, trustees, *vs.* HORATIO A. LAMB & another, executors, & others.

Suffolk.   December 4, 1918. — February 27, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Devise and Legacy.   Words,* "Heirs at law."

The case of *Rotch* v. *Loring*, 169 Mass. 190, affirmed.

The main decision in *Rotch* v. *Rotch*, 173 Mass. 125, affirmed, and an error of detail in that case in ordering the payment of a certain sum of $20,000 to be made to the executor of the will of one of the daughters of the testator instead of ordering that the sum should be distributed as a part of the residue of the testator's estate here was pointed out.

A testator left five children, two sons and three daughters. For the benefit of each of the daughters he ordered the executors of his will to invest as directed the sum of $100,000 and to pay to each daughter the income thereof during her natural life, and that on the death of such daughter, leaving no issue, the deposit for her benefit should be "transferred, and paid over to my heirs at law, as part of the residue of my estate in the manner hereafter directed concerning the same." By the residuary article of his will the testator directed that his property should be divided into equal shares for his children living at his death. To each of his sons then living he left one share outright. The share of each daughter he left to trustees to pay to her the net income during her natural life, and provided that in case of the death of such daughter, leaving no issue, the trustees should convey, transfer and deliver the trust property held by them for the benefit of such daughter to the testator's "heirs at law." Upon the death of one of the

testator's daughters, leaving no issue, it was *held,* in accordance with decisions of this court previously made in interpreting the same will, that the property that had been held by the trustees for the benefit of the testator's deceased daughter, and also the deposit of $100,000 for her benefit, should be distributed in equal shares among the heirs at law of the testator, as ascertained at the time of his death, or the persons representing such heirs at law by devise and legacy or assignment.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 18, 1918, by the trustees under the will of Benjamin S. Rotch, late of Milton, who died on August 19, 1882, for instructions, as explained in the opinion.

The case came on to be heard before *Braley,* J., who at the request of all the parties reserved it upon the bill and answers for determination by the full court.

*L. A. Brown,* for the trustees, stated the case.

*Roland Gray,* for the defendant Margaret R. Rotch.

*F. W. Grinnell,* for the executors of the will of Aimée Sargent.

RUGG, C. J. This is a bill in equity by the trustees under the will of Benjamin S. Rotch for instructions as to their duties in the disposition of property in their hands. The testator died in 1882, leaving a will and five children, two sons, Arthur and Abbott Lawrence, and three daughters, Edith, Aimée and Annie. It does not appear that any child of the testator predeceased him. So far as concerns the matter now to be decided the scheme of the will briefly was this: By the third article provision was made for the deposit with the Massachusetts Hospital Life Insurance Company of the sum of $100,000 for each of his daughters, to be held in trust, the income to be paid to each during life and at the decease of each the principal to be paid to her surviving issue, and in default of such issue "then the same shall be conveyed, assigned, transferred, and paid over to my heirs at law, as part of the residue of my estate in the manner hereinafter directed concerning the same." By the fourth article provision was made for the deposit of $100,000 with the same company in trust for each of the sons upon various conditions not now material, the ultimate disposition of the principal on the decease of each son to be to his surviving issue, if any, but in default thereof "then in trust to convey, assign, transfer, and pay over . . . to my heirs at law, as hereinafter provided; to have and to hold to them, their respective heirs, executors, administrators, and assigns forever." The fifth is the resid-

uary article of the will. It specifically includes remainders which may fall in under other parts of the will. It directs that the residue "shall be divided into so many equal shares or parts that there may be one share set apart and appropriated for the benefit of each of my children." One such share is given outright to each son. The share for each daughter is given to trustees to hold for the benefit of each daughter during her life, and at the decease of each to transfer in fee to her then living issue, and in default of such issue then "to my heirs at law" in fee. Other provisions of the will are somewhat diffuse and relate in many particulars to contingencies which either have not arisen or are not now in litigation, and need not be set forth at length.

These provisions of the will, when the words are given their natural meaning according to the approved usages of the language, are not difficult of comprehension. The phrase "heirs at law" is to be interpreted in the accurate sense as meaning those who would have inherited the estate of the testator if he had left no will, and not as referring to an artificial class who might have inherited his estate if he had died intestate at some different time. It has the same meaning in the third, fourth and fifth articles. That is the general rule as to the meaning of "heirs at law." *State Street Trust Co.* v. *Sampson,* 228 Mass. 411, 413. There is nothing to indicate that these words are used here with a different signification.

It is plain that the principal of each of the three funds of $100,000 for the benefit of his several daughters during life, upon the death of each without issue surviving, is to become a part of the residue of the estate and is to be dealt with and distributed only in accordance with its terms. The operative words in this part of the will can be given force only by effecting such distribution among the heirs at law as is set forth in detail by the residuary article. The express direction is that the distribution among the heirs at law of the testator shall be "in the manner" set forth in that article. These words mean that both as to times of payment, proportions of distribution and conditions of beneficial interest the residuary article is to govern. The residuary article is definite upon these points. According to its terms the residue is to be divided into five equal shares. But the beneficial enjoyment of those several shares differs widely as between sons and daughters,

and as between those daughters who leave issue surviving and those who do not. The sons are given their shares outright, whenever there is a distribution. But the daughters are not given anything outright as a part of any initial distribution. The share of each daughter is put in a spendthrift trust during her life, of which she receives only the income; and upon her decease without surviving issue, that share of which she has been enjoying the income during her life is to be divided among the testator's heirs at law. Surviving issue of a deceased daughter is to receive her entire share.

The son Arthur died first leaving no issue. A bill was brought for instructions. The decision is reported in *Rotch* v. *Loring,* 169 Mass. 190, where the scheme of the will is recited in full. It there was said that, under the third and fourth articles, on the decease of any one of his surviving sons or daughters, without surviving issue, the $100,000 held in trust for such decedent should be paid into the residue to be distributed as there directed among the testator's heirs at law, to be determined in the usual way, that is, at the time of the testator's death. It followed, therefore, that the $100,000, which had been deposited with the Massachusetts Hospital Life Insurance Company for the benefit of Arthur, on his death fell into the residue and according to its terms was divided into five equal parts, one part being paid to the other son absolutely, three parts being paid to the trustees for the benefit of the three daughters and the remaining part paid to representatives of the estate of Arthur absolutely. An elaborate opinion discussing the case at large was written by Chief Justice Field.

Subsequently the daughter Edith died leaving no issue. Two questions then arose for determination by the trustees, about which they asked the instruction of the court. That decision is *Rotch* v. *Rotch,* 173 Mass. 125. The chief difficulty then raised related to the disposition of that portion of the residuary estate which until her death the trustees had held for the benefit of Edith under the fifth article of the will. Before that time, all the share and interest to which the deceased son, Arthur, was at his death entitled in said five funds of $100,000 each and in the said three shares of the residue of the estate held in trust for the three daughters had been transferred to the surviving son and the three daughters in equal shares. The subsidiary questions involved were

(1) whether the share of Edith should be divided into three equal parts for the benefit of the three then surviving children of the original testator, or into four equal parts for the benefit of these three and also of the residuary legatee of Edith (the fractions being thirds and fourths instead of fourths and fifths because of the assignment from the executors of Arthur's will to his brother and three sisters in equal shares), and (2) whether the two surviving daughters were entitled forthwith to their shares in the residuum, or whether their respective shares were to be held in trust for them. These were new questions not involved in the earlier decision. It was held after elaborate discussion that the division should be made into fourths and not into thirds on the ground that the remainder had vested in the heirs at law of the testator rather than in those who survived until distribution. It further was held that the distribution to the daughters, being the final winding up of that part of the trust estate to them in their capacity as heirs at law of the testator, was free from any trust. The decision in *Rotch* v. *Rotch*, 173 Mass. 125, upon these main points was correct and is now affirmed so far as material to the issues here involved.

There was presented a further question in that case. Upon the death of Edith the $100,000 which had been held in trust for her under the third article of the will was paid over to the administrator *de bonis non* with the will annexed of her father. He in turn paid one fifth of it, less charges, to the plaintiffs in that case, who were the trustees of the residuary estate under the fifth article. That one fifth or $20,000 was understood to be the share which would go to Edith upon the theory that the fund under the third article at the death of Edith without issue surviving would go immediately to the heirs at law of the testator. Without discussion it was ordered that this sum be paid to the estate of Edith, instead of being distributed as a part of the residuum of the estate under the fifth article. The point was apparently overlooked that this was a different disposition from that required by the decision of *Rotch* v. *Loring*, 169 Mass. 190, and from that in effect made by that decision of the $100,000 fund distributed upon the death of the son Arthur without issue. Moreover the $20,000, which had been added to the residuum on the death of Arthur for the benefit of Edith was distributed under *Rotch* v. *Rotch* as a part

of the residuum and not as belonging to the estate of Edith, although this point does not appear to have been called to the attention of the court. It is manifest from the opinion in *Rotch* v. *Rotch* that there was no thought of overruling *Rotch* v. *Loring* or deviating from the principle there laid down. Indeed, it is expressly approved and followed upon other points. It seems plain that upon this particular point there was a mistaken application of the principle of that decision and not an intent to overrule that principle or to deny its application to the facts then before the court. No new or modified or different doctrine was announced or intended to be declared upon the point. See *Ex parte Harding*, 219 U. S. 363, 378, 379. Therefore we are constrained not to adopt in the case at bar the course followed respecting this point in *Rotch* v. *Rotch*. It is inconsistent with *Rotch* v. *Loring*. The decision made and the reasons given in support of it in the last named case seem to us sound.

The case at bar in its salient points is governed by *Rotch* v. *Loring*, 169 Mass. 190. That decision interprets the will correctly. It follows that distribution is to be made in accordance with the interpretation there given and here reaffirmed.

The daughter Aimée, Mrs. Sargent, has now died without surviving issue. This bill relates to the proper distribution of the estate now ripe for final disposition. No questions are presented on this record concerning any of the funds of which Mrs. Lamb is entitled to the income. No controversy is made as to the distribution of the share of the original residue which has been held for the benefit of Mrs. Sargent under the fifth article. Confessedly that aspect of the case is governed by the main decision in *Rotch* v. *Rotch*, 173 Mass. 125.

The remaining property now to be distributed includes that derived from the distribution of the two funds, each of $100,000, originally established for the benefit of Arthur and Edith, being one fifth of each, and one fifth of the similar fund held for the benefit of Mrs. Sargent during her life and now held by the trustees for Edith, and one fifth of the same fund held by the trustees of Mrs. Sargent. These several funds all rest upon the same footing so far as concerns the general source from which they have come and the controlling testamentary provisions. Taking into account the assignment of the share of Arthur and an assignment to the

surviving daughter Annie, now Mrs. Lamb, of the interest of the deceased daughter Edith, the division should be, one half to Mrs. Lamb, one fourth to the residuary legatee of the deceased son Abbott Lawrence, and one fourth to the executors of the will of Mrs. Sargent.

The costs and attorneys' fees of the plaintiffs are to be settled in the Probate Court upon their accounting as trustees. *Ensign* v. *Faxon,* 224 Mass. 145. Costs to be taxed as between solicitor and client for both the defendants who here have argued the case are to be fixed by the single justice and paid out of the fund.

*So ordered.*