VINCENT BROGNA, receiver, *vs.* COMMISSIONER OF BANKS & another.

Suffolk.    January 10, 15, 1924. — February 28, 1924.

Present: RUGG, C.J., DeCOURCY, PIERCE. & WAIT, JJ.

*Equity Pleading and Practice*, Appeal, Decree, Bill.    *Trust Company*, In liquidation.

The record upon an appeal from a final decree dismissing a bill in equity contained only the bill, the answer, the final decree, and the appeal therefrom.    The final decree recited that the suit was heard.    In the bill the plaintiff alleged that he was receiver of the affairs of two individuals who owned a pass book in the savings department of a trust company whose property and business were in the possession of the defendant, the commissioner of banks; that the individuals had delivered the pass book to the treasurer and receiver general in lieu of security to be furnished under G. L. c. 169; that the petitioner had filed proof of his claim with the respondent and that the claim had been disallowed; and the prayer of the bill was that the respondent be ordered to allow the claim.    The answer admitted the allegations of the bill and further alleged that the pass book had been illegally issued and that there was no legal warrant for the allowance of the claim.    *Held,* that

(1) The only question of law presented was whether the final decree properly could have been entered upon the pleadings;

(2) The entry of the decree imported a finding of all facts adverse to the plaintiff and permissible under the pleadings;

(3) No intendment could be made in favor of the plaintiff beyond the allegations of the bill;

(4) It might have been found that the pass book was issued fraudulently and did not represent any deposit in the trust company;

(5) The pass book was not a negotiable instrument;

(6) There was nothing in the record which required an investigation into conflicting equities between the trust company and an innocent holder of a pass book, since no right in favor of the plaintiff was established;

(7) The decree must be affirmed.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on May 20, 1921, by the " receiver of the affairs of Nicola Sciaraffa and Joseph A. Rossetti," seeking to require the commissioner of banks in possession of the property and business of Prudential Trust Company to allow a claim based upon a pass book showing a deposit in the savings department of the Prudential Trust Company which had been deposited with the treasurer and receiver general in lieu of security required by St. 1907, c. 377, (now G. L. 169).

All the allegations of the bill and answer are described in the opinion. The suit was heard by *Crosby*, J. The record contains no report of evidence and no statement of findings of fact. By order of the single justice, a final decree was entered dismissing the bill. The plaintiff appealed.

*G. Alpert*, (*J. E. Hannigan* with him,) for the defendants.

*J. J. Gaffney*, for the plaintiff, submitted a brief.

RUGG, C.J. This is a suit in equity. The plaintiff alleges that he is the receiver of the affairs of Nicola Sciaraffa and Joseph A. Rossetti, and that as such he has obtained from the Treasurer and Receiver General a pass book showing a deposit of $10,000 in the savings department of the Prudential Trust Company, which had been deposited with the Treasurer and Receiver General in lieu of surety pursuant to St. 1907, c. 377, now G. L. c. 169; that the defendant has taken possession of the property and business of the trust company under authority conferred by the statutes and is liquidating its affairs; that he has filed proof of claim with the agent of the defendant in liquidation, and that the claim was disallowed. The answer of the defendant admits these allegations but avers that the pass book was issued contrary to the statutes by the officers of the trust company and that no valid title to the pass book was transferred to

the Treasurer and Receiver General, and that there is no legal warrant for the allowance of the claim.

The case was heard by a single justice, who entered a decree dismissing the bill.   No statement of findings of fact is included in the record.   No evidence is reported.   The plaintiff's appeal brings the case here.

The only question of law presented on this state of the record is whether such a decree properly could have been entered under the pleadings.   *Dwyer* v. *Bratkoysky,* 170 Mass. 502.   The entry of such a decree imports a finding of all facts adverse to the plaintiff permissible under the pleadings.

The bill is meagre.   There is no allegation that Sciaraffa and Rossetti were conducting any one of the kinds of business enumerated in St. 1907, c. 377, or that their assets are insufficient to pay their creditors, or that the receivership is not merely for the settlement of conflicting contentions between Sciaraffa and Rossetti.   No intendment can be made in favor of the plaintiff in these particulars.   *Old Dominion Co.* v. *Commonwealth,* 237 Mass. 269, and cases collected at page 274.

The utmost extent of the allegations of the bill is that a pass book was issued and not that Sciaraffa and Rossetti were actual depositors in the savings department.   The answer in substance and effect is that no genuine deposit was made and that the pass book was issued without authority of law.

The pass book may have been found to have been issued fraudulently and not to represent any deposit whatsoever in the trust company.   No veritable transaction may have taken place.   It may all have been a trick.   The pass book was not a negotiable instrument.   See *J. S. Lang Engineering Co.* v. *Commonwealth,* 231 Mass. 367.   *Stebbins* v. *North Adams Trust Co.* 243 Mass. 69.   The securities, investments and property of the savings department of the trust company constitute a trust fund which must be held strictly for the benefit of depositors in that department until paid in full.   It would be as much a perversion of that trust to permit those who are not real depositors to share in that fund as to divert it to uses not authorized by law.   *Com-*

*missioner of Banks* v. *Cosmopolitan Trust Co.* 240 Mass. 254.
*Commissioner of Banks in re Prudential Trust Co.* 240 Mass.
478. *Commissioner of Banks in re Prudential Trust Co.* 244
Mass. 64. There is nothing on this record which requires an
investigation into conflicting equities between a trust com-
pany in liquidation and the innocent holder of a pass book
issued contrary to law. No right in favor of the plaintiff is
established. Cases like *Gloucester Bank* v. *Salem Bank*, 17
Mass. 33, and *First National Bank of Danvers* v. *First
National Bank of Salem*, 151 Mass. 280, have no relevancy.
No error is disclosed.

*Decree affirmed with costs.*