MOISEE NOVICK *vs.* HELEN L. NOVICK.

Essex.    November 10, 1937. — December 6, 1937.

Present: FIELD, LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Jurisdiction,* Suit between husband and wife.    *Trust,* Resulting.

Equity had jurisdiction of a suit by a husband against his wife to recover, as an enforcement of an implied trust, money received by her from a third person as repayment of a sum owed to him by the third person, and not as her own property.

BILL IN EQUITY, filed with a writ in trustee process in the Superior Court dated December 22, 1936.

A final decree was entered by order of *Gray,* J. The defendant appealed.

*M. W. Titlebaum,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

COX, J. This is a suit in equity begun December 22, 1936, by a trustee writ and brought here by the defendant's appeal from a final decree of the Superior Court granting the plaintiff affirmative relief. No statement of findings of fact is included in the record. No evidence is reported. The only question of law presented on this state of the record is whether the decree properly could have been entered under the pleadings. *Dwyer* v. *Bratkoysky,* 170 Mass. 502. The entry of the decree imports a finding of all facts favorable to the plaintiff permissible under the pleadings. *Brogna* v. *Commissioner of Banks,* 248 Mass. 241.

The bill alleges that the plaintiff is the husband of the defendant, Helen L. Novick, and that on or about November 1, 1935, he separated from her and they are now living

apart, all of which she admits by her answer; that on or about November 1, 1931, he lent $900 to one Maschek, the brother of the defendant, who agreed to repay the loan with six per cent interest; that on the same date the defendant also lent $1,100 to the said Maschek, upon the same terms and conditions; that said Maschek has not repaid said loan to the plaintiff but, on a date unknown to the plaintiff, did turn over $2,000 with interest to the defendant "as repayment of the above-named sums"; that shortly before this suit was brought, the plaintiff learned of the payment of the money to his wife and has made demand on her for payment, which was refused.

The decree recites that the defendant is indebted to the plaintiff and orders her to pay him $900 with interest, which is therein computed to the date of its entry, together with costs, and orders execution to issue.

There is jurisdiction in equity over suits between husband and wife to secure her separate property, to prevent fraud, to relieve from coercion, to enforce trusts and "establish other conflicting rights concerning property." *Gahm* v. *Gahm*, 243 Mass. 374, 376. *Fitcher* v. *Griffiths*, 216 Mass. 174, 176. The case of *Patterson* v. *Patterson*, 197 Mass. 112, was a petition by the libellee in a divorce proceeding in the Superior Court seeking to compel the libellant to return to her certain specified personal property alleged to be hers but to be unlawfully detained and concealed by him so that it could not be reached to be taken by replevin or other process of law. The court held that it had no jurisdiction to grant relief on the petition, but that (page 117) "Upon the finding of the master that the property belongs to the petitioner, and the admission in the answer that it is held and detained by the respondent against her will, there is no doubt that a court of equity, upon a bill brought by the wife against her husband, might grant relief. *Frankel* v. *Frankel*, 173 Mass. 214. *Lombard* v. *Morse*, 155 Mass. 136," and the case was remitted to the Superior Court with leave to the petitioner to move to amend her petition into a bill in equity. In *Woodard* v. *Woodard*, 216 Mass. 1, where a sale was made of real and personal property belong-

ing to a husband and wife, in which they had equal beneficial interests and the net proceeds of the sale were received in a check payable to the husband, subject to their mutual agreement that she should receive the portion belonging to her, it was held that she could maintain a bill to recover the amount withheld if intact, or, if it was converted, to compel restitution from his own estate. *Moore* v. *Mansfield,* 248 Mass. 210. *Gibbons* v. *Gibbons,* 296 Mass. 89.

Although the allegations of the bill before us are meager, yet on the pleadings it was open to the judge to find that money belonging to the plaintiff had been received by the defendant from a third person, not as her own but under an implied trust to account for it as his individual property. *Woodard* v. *Woodard,* 216 Mass. 1. *Barbour* v. *Sampson,* 266 Mass. 180. *Carpenter* v. *Carpenter,* 227 Mass. 288.

*Weidman* v. *Weidman,* 274 Mass. 118, relied upon by the defendant, is not in point. There the design of the bill was to collect the sum of money established as due to the plaintiff by a foreign judgment for a specified sum representing counsel fees and alimony and nothing more.

The decree should not recite that the defendant is indebted to the plaintiff. The decree is modified by striking out the words "indebted to the plaintiff Moisee Novick and is hereby" and as so modified is affirmed (see *Rudnick* v. *Rudnick,* 281 Mass. 205, 208).

*Ordered accordingly.*