ANDREW J. GOREY & another, trustees, vs. JOSEPH W.
GUARENTE & others.

Suffolk.    May 25, 1939. — July 11, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Equity Pleading and Practice*, Appeal.  *Probate Court*, Appeal.  *Trust*,
Construction of instrument creating trust.  *Power*.  *Devise and Legacy*,
Power.  *Words*, "Heirs at law."

This court, upon an appeal from a decree upon a petition in equity in
a probate court for instructions, is precluded from considering mat-
ters, whether or not in the form of exhibits or other documents, which
do not appear from the record to have been before the trial court.
The exercise of a power of appointment to be valid must be in accord-
ance with the terms of the power stated in the instrument creating it.
Under the provisions of a trust instrument containing no power of revo-
cation, that, on the death of the settlor, one half of the trust property
then remaining was to be paid to such person or persons as she might
by her will "or by other written instrument signed by her in the
presence of at least two witnesses, direct or appoint," an instrument
in writing,· executed before a single witness by the settlor and the
trustee and purporting to provide in substance that a sum then paid
to her by the trustee in the exercise of discretionary powers was such
one half of the principal of the trust so that she should "have no
power of disposal or of appointment over the remaining half," did not
affect nor control disposition by the trustee of funds in the trust at
the death of the settlor.
A provision, in a will of a settlor having a general power of appointment
over a trust fund, giving all her property to her husband, was con-
strued as an exercise of the power although nine years before her death
she had executed an instrument, ineffectual in law for its purpose, in
which she declared that, having disposed of the portion of the fund
subject to the power, she should no longer have a right to exercise
the power.
The words "heirs at law" in a trust instrument providing that, on the
death of a woman, the settlor, following the death of one who was
her husband when the trust instrument was executed, one half of
the trust "then remaining" should be paid to the "heirs at law"
of the husband "to be their absolute property," were construed to
mean his heirs at law at the time of his death, which included his son
and the settlor.

PETITION for instructions, filed in the Probate Court for
the county of Suffolk on March 19, 1938.

The petition was heard by *Mahoney*, J.

The case was submitted on briefs.

*W. J. Paquet*, for Joseph W. Guarente and another.

*H. A. Carney*, for Eugene B. Guarente.

Cox, J. This is a petition filed in the Probate Court, by the trustees under a written declaration of trust of Winifred R. Guarente, for instructions as to whom and in what proportions they should pay the principal of the trust fund and the income accruing thereon. The respondents are Joseph W. Guarente, who is the surviving husband of the settlor and also the executor and sole devisee and legatee under her will; Eugene B. Guarente, a minor and the son of the settlor by her former husband; and three minor children of the settlor and the said Joseph W. Guarente.

The practice in probate appeals follows equity as far as practicable and applicable. *Fenelon* v. *Fenelon*, 244 Mass. 14, 17. *Hopkins* v. *Hopkins*, 287 Mass. 542, 545. The record consists of the petition, answers, decree and appeals. The only questions presented are whether, as matter of law, the decree could have been entered on the pleadings, and, if not, what decree should be entered. *Dwyer* v. *Bratkoysky*, 170 Mass. 502, 504. *Levinson* v. *Connors*, 269 Mass. 209, 210. *Dondis* v. *Lash*, 283 Mass. 353, 354. *Novick* v. *Novick*, 299 Mass. 15. See *Fitzgerald* v. *Fitzgerald*, 244 Mass. 61, 63. There is, however, a preliminary matter for disposition. At the argument in this court, the respondent Eugene B. Guarente presented for incorporation in the record, certain certified court records, an affidavit of a court record, and signed statements of accounts and drafts. This respondent has argued as to their force and effect. So far as appears, however, from the record, none of these documents was before the probate judge, and this court, upon appeal, is precluded from considering matters that do not appear from the record to have been before the trial court. To hold otherwise would amount to an utter disregard of the fundamental principles underlying the rights of parties upon appeal. *Lee* v. *Kilburn*, 3 Gray, 594, 597, 598. *Ashley* v. *Root*, 4 Allen, 504, 505. *Fleming* v. *Clark*, 12 Allen, 191, 198, 199. *Carroll* v.

*Daly*, 162 Mass. 427, 428. *Lakin* v. *Lawrence*, 195 Mass. 27, 28. See also *Spaulding* v. *Alford*, 1 Pick. 33, 37; *Skinner* v. *Gray*, 130 Mass. 5; *Kelley* v. *Kelley*, 161 Mass. 111, 114. This practice is adhered to whether the matters sought to be presented and not in the record are in the form of exhibits or of other documents, *Goshein* v. *Chavenson*, 261 Mass. 403, 404; *Barnes* v. *Springfield*, 268 Mass. 497, 504, certiorari denied, 281 U. S. 732; *Abeloff* v. *Peacard*, 272 Mass. 56, 59; *Yoffa* v. *National Shawmut Bank of Boston*, 288 Mass. 422, 426, or whether they are set forth in briefs, *Gaff* v. *Cornwallis*, 219 Mass. 226, 229; *Hickey* v. *Hickey*, 226 Mass. 152; *Hale* v. *Blanchard*, 242 Mass. 262, 264, 265; *Springfield National Bank* v. *Jeffers*, 266 Mass. 248, 251; *Nelson* v. *Belmont*, 274 Mass. 35, 45; *Carilli* v. *Hersey*, 299 Mass. 139, 145. It follows that the documents presented cannot be made a part of this record nor can they be given any consideration in the decision of the real questions before the court.

The allegations of the petition were admitted. It appears that on November 19, 1917, Winifred R. Guarente, who was then Winifred R. Buckley and the wife of Eugene Buckley, Jr., transferred by a written instrument certain bank deposits to Eugene Buckley, Sr., in trust. The second paragraph of said instrument provided that in case of the death of the settlor "leaving her said husband Eugene Buckley Jr. surviving," the trustee was "to pay over to him one half the principal of said trust fund then remaining," together with one half of any net income therefrom "then remaining," to be his absolute property; "Or, if the said Eugene Buckley Jr. shall previously decease, on the death of said Winifred to pay over said one half of the principal of said trust fund then remaining, together with one half of any net income therefrom then remaining, to the heirs at law of said Eugene Buckley Jr. to be their absolute property; and on the death of said Winifred whether her said husband, Eugene Buckley Jr. shall survive her or not, to pay over the other one half of the principal of said trust fund then remaining, together with one half of any net income therefrom then remaining, to such

person or persons, and for such uses and purposes, as said Winifred may by her last will and testament, or by other written instrument signed in the presence of at least two witnesses, direct or appoint." In default of such appointment or written direction, the trustee was required to pay over "all of said one half of the principal of said trust fund then remaining, and one half the net income therefrom then remaining, to the lawful issue of said Winifred . . . and for want of such lawful issue, to said Winifred's heirs at law by blood." The fifth paragraph of the trust instrument provided that "Said Eugene Buckley Sr., while trustee hereunder, is hereby authorized and empowered, in his sole discretion, to assign, transfer and convey to said Winifred, the whole or any part of said principal sum held for her benefit."

The settlor's husband, Eugene Buckley, Jr., died on November 20, 1920, leaving as his heirs at law the settlor and the respondent Eugene B. Guarente (then known as Eugene Buckley, 3rd). On February 14, 1921, the settlor married the respondent Joseph W. Guarente, who by legal procedure adopted the respondent Eugene B. Guarente and had his name changed accordingly.

On June 20, 1923, the then trustee, Eugene Buckley, Sr., paid over to the settlor, in accordance with the terms of a written instrument signed by them, a sum variously stated in the record as $50,080.26, $59,082.26, and $59,087. This instrument recited that the trustee, in the exercise of the discretion vested in him by the fifth paragraph of the. trust agreement, had paid over to the settlor the sum of $59,087, which, it was agreed, amounted to one half of the principal of the trust fund, and also that all of the accrued net income had been paid over to her. The instrument further recited that ". . . in order that there may be no possible doubt as to the understanding of both parties concerning the intended legal effect of this assignment on the trust . . . ," the settlor and trustee agreed that the one half of the principal thereby assigned to her was the one half of the principal which, by the second paragraph of the trust instrument, was to be paid over upon her death to such

person or persons as she should appoint or direct, "so that the half of the principal which is not hereby assigned to her but remains in the trust, will all be paid over by the trustee at the death of said Winifred, with any income therefrom then remaining, to the heirs at law of said Eugene Buckley, Jr., and said Winifred will have no right of disposal of or power of appointment over the said remaining half, nor will the disposal thereof be affected by the terms of the latter part of said *Second* paragraph."

At the same time that the last described instrument was executed, the settlor, by a sealed instrument, assigned to the respondent Eugene B. Guarente all the income that might thereafter accrue on the "balance of said trust fund remaining in the trust," and thereafter, until the settlor's death on August 1, 1932, the income was paid to her as guardian of Eugene B. Guarente, and after her death, it was paid to the respondent Josepn W. Guarente, as succeeding guardian. The settlor left a will that was duly probated, by the terms of which she gave to "my husband, Joseph William Guarente, all my property of every kind and description, both real and personal, wherever situated." The will mentions the settlor's four children, who are respondents.

The decree in the case at bar recites that "the entire amount of principal and income is to be held for the benefit of Eugene Buckley Guarente, formerly known as Eugene P. Buckley, Jr.," and directs the trustees to pay out of the fund certain sums to the trustees, to the guardians *ad litem* who were appointed, and to the attorney for the respondent Joseph W. Guarente. The respondent Joseph W. Guarente, and the minor children of the settlor by the marriage to the said Joseph W. Guarente, appealed from that part of the decree that ordered the entire amount of principal and income to be held for the benefit of the respondent Eugene B. Guarente.

The important question is to determine the effect to be given to the instrument executed by the settlor and trustee on June 20, 1923. The intent of the creator of a trust is the controlling consideration in determining what rights were

created by the trust instrument, and that intention must be gathered from the language of the instrument itself aided by the surrounding circumstances. The effect is to be given to the intent so ascertained unless some positive rule of law prevents. *Dumaine* v. *Dumaine*, 301 Mass. 214, 218, and cases cited. "The terms of the declaration of trust could not be varied or affected by statements made by the creator of the trust in the absence of and without the knowledge or assent of the other parties interested, after it had been executed and carried into effect." *Richardson* v. *Adams*, 171 Mass. 447, 450. See *Bancroft* v. *Russell*, 157 Mass. 47, 50; Am. Law Inst. Restatement: Trusts, § 330 a. In substance, the second paragraph of the trust instrument provided that upon the death of the settlor, the principal and income "then remaining" were to be divided into two equal parts, one of which was to go to her first husband if he was then living, or, if he was dead, to his heirs; and the other part was to go as the settlor should appoint, or, in default of appointment to her issue or in default of issue, to her heirs at law by blood. The words "then remaining," as used, must be taken to mean that the disposition was to be of whatever funds remained in the trustees' hands at the time of the settlor's death. *Hall* v. *Hall*, 209 Mass. 350, 353. *Old Colony Trust Co.* v. *Clarke*, 291 Mass. 17, 22. The effect of the instrument of June 20, 1923, was to deprive the settlor's issue and heirs, without their consent, of their rights in one half of the trust fund if she should die without having exercised the power of appointment. No power of revocation was reserved. The trust instrument was an executed conveyance under seal and was accepted by the trustee, and, upon this record, was binding upon the settlor and could not be revoked or modified except so far as a power of revocation or modification was reserved therein. *Viney* v. *Abbott*, 109 Mass. 300, 302, 303. *Sewall* v. *Roberts*, 115 Mass. 262, 272. *Thurston, petitioner*, 154 Mass. 596, 597. *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 580. *James* v. *James*, 260 Mass. 19, 22. Furthermore, the power of appointment was restricted to "one half of the principal of said trust fund then remaining"

at the time of the death of the settlor, and the trust instrument provided that, if the direction or appointment was by an instrument other than a will, such instrument was to be signed in the presence of at least two witnesses. There was only one witness to the instrument of June 20, 1923. The exercise of a power of appointment to be valid must be made in accordance with the power reserved. *Hooper* v. *Hooper,* 203 Mass. 50, 59. *Coffin* v. *Attorney General,* 231 Mass. 579, 580. *Merchants Trust Co.* v. *Russell,* 260 Mass. 162, 164. It follows that the disposition of what remained of the trust funds at the settlor's death is not affected or controlled by the instrument of June 20, 1923.

By the terms of the settlor's will, all her property was given to her husband, the respondent Joseph W. Guarente. It is the rule that a general devise or bequest should be construed to include any real or personal estate of which the testator has a general power of appointment, unless a contrary intention should appear by the will. *Hassam* v. *Hazen,* 156 Mass. 93, 95. *Stone* v. *Forbes,* 189 Mass. 163, 170. *Tudor* v. *Vail,* 195 Mass. 18, 26. *Ames* v. *Ames,* 238 Mass. 270, 275, and cases cited. *King* v. *Walsh,* 250 Mass. 462, 466. It is true that the question in every case is one of the intention of the donee of the power. *Sewall* v. *Wilmer,* 132 Mass. 131, 134, 135. It may be suggested that, in the case at bar, the settlor did not in fact intend to exercise the power, in view of her plain declaration in the instrument of June 20, 1923, that she was no longer to have the right of disposal of, or power of appointment over, the one half of the trust funds remaining after the payment to her by the trustee of the other one half. On the other hand, it may be that at the time of the execution of her will on February 4, 1926, she knew her previous attempt to alter the terms of the trust was without effect, and that, after all, she still had power of appointment. The "province of the court is not to conjecture what the testator's intention was and then read it into the will, but to ascertain his intention by construing the words which he used as the declaration of it." *Sanger* v. *Bourke,* 209 Mass. 481, 486, 487, and cases cited. The general rule should be applied in the case at bar; it

follows that the respondent Joseph W. Guarente is entitled to one half of the trust fund and accrued income remaining at the time of the death of the settlor.

The question remains as to the disposition of the other one half of the fund which was to go to Eugene Buckley, Jr., if he survived the settlor, or to his heirs if he predeceased her. It is a general rule that the term "heirs at law" designates those who are such at the time of the death of the ancestor, *Lawrence* v. *Crane*, 158 Mass. 392, 393; *Merrill* v. *Preston*, 187 Mass. 197, 201, and "a bequest or devise to 'heirs' or 'heirs at law' of a testator, will be construed as referring to those who are such at the time of the testator's decease, unless a different intent is plainly manifested by the will." *Abbott* v. *Bradstreet*, 3 Allen, 587, 589. *Welch* v. *Blanchard*, 208 Mass. 523, 524, 525. *Bass River Savings Bank* v. *Nickerson*, *ante*, 332. It is a familiar rule that, in cases of doubt in the construction of wills, the law favors the creation of vested rather than contingent estates, although this rule of interpretation must yield where it appears with reasonable certainty from the whole will that the testator intended that the estate should not vest until the death of the life tenant. *Blume* v. *Kimball*, 222 Mass. 412, 414. It was said in *Calder* v. *Bryant*, 282 Mass. 231, at 236–237, that "When a testator leaves property to his 'heirs' or 'heirs at law' it is presumed that he intended to describe those persons who are his heirs at the time of his death, unless it clearly appears that he intended they are to be ascertained as of another time . . . The cases are uniform in holding that it must plainly appear that the testator intended heirs to be determined at some other time in order to take the case out of the general rule. It is settled that in the absence of a plain intention shown by the will to the contrary, a gift of the remainder to the heirs of the testator is a vested remainder in a class to be determined at the death of the testator, and that a gift to heirs or heirs at law of a testator will be construed as referring to those who are his heirs at the time of his decease." The word "heirs" means those persons who inherit the property of a person at the time of his death.

*State Street Trust Co.* v. *Sampson*, 228 Mass. 411, 412. *Rotch* v. *Lamb*, 232 Mass. 233, 235. In the construction of wills, "if the word 'heirs' is used clearly in some sense different from its correct meaning, or as indicating some restriction upon that class, that meaning will be given effect." *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580, 583, and cases cited. See *Jewett* v. *Jewett*, 200 Mass. 310, 317. We think that these principles of law are applicable in the construction of the trust instrument in the case at bar, and that the heirs at law of Eugene Buckley, Jr., as intended by the settlor, were their son and the settlor. See *International Trust Co.* v. *Williams*, 183 Mass. 173, 174. It is to be assumed that the settlor knew at the time she executed the trust instrument that, if her first husband predeceased her, she would be one of his heirs at law, and it is to be observed that in the very same paragraph of the trust instrument in which the words "heirs at law" are used, the settlor, in providing for the contingency of her failing to execute her power of appointment, directed that the remaining one half of the trust fund should be transferred to "the lawful issue of said Winifred . . . and for want of such lawful issue, to said Winifred's heirs at law by blood." It would seem that the use of the words "heirs at law" and "heirs at law by blood" was intentional. See *Hayden* v. *Barrett*, 172 Mass. 472. While the question is close, in view of the fact that the payment of one half of the principal of the trust fund to the heirs at law of the settlor's first husband was not to be made until the death of the settlor (see *Jewett* v. *Jewett*, 200 Mass. 310, 317), nevertheless we are of the opinion that the general rule should be applied. It follows that of the one half of the principal of the trust fund and accrued income remaining at the death of the settlor, Eugene B. Guarente, as an heir of Eugene Buckley, Jr., is entitled to two thirds, and Joseph W. Guarente, as the sole beneficiary under the will of the settlor, is entitled to the other third.

The trustees are, therefore, advised that, of the principal of the trust fund and accrued income remaining at

the time of the settlor's death, Joseph W. Guarente is entitled to four sixths and Eugene B. Guarente is entitled to two sixths. Except as modified by what has been said the decree of the Probate Court is affirmed.

*Ordered accordingly.*