ALFRED W. PUTNAM, trustee, *vs.* STANLEY M. BOLSTER & another.

Suffolk. December 1, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Contract,* Rescission, Performance and breach. *Equity Jurisdiction,* For an accounting. *License.*

In a suit in equity for an accounting, it appeared that the defendant agreed to sell to the plaintiff a license to sell intoxicating liquors and an innholder's license together with certain furniture and fixtures in the hotel where the defendant had carried on business and the good will of that business, and that in anticipation of the performance of the contract the plaintiff made certain payments of money to the defendant and took possession of the furniture and fixtures, removing some of them to a storage warehouse, and selling the rest at auction, that the licenses were the principal things contracted for and that without the licenses the furniture and fixtures would be of no value to the plaintiff, and that both parties relied on the expectation that the plaintiff could obtain a transfer of the licenses from the defendant to him, that the licensing board refused to authorize the transfer of the licenses, and thereupon the plaintiff brought his bill seeking to rescind the contract and to have repaid to him the portion of the purchase money that he had advanced. *Held,* that, the performance of the contract having become

impossible, the plaintiff was entitled to the return of the portion of the purchase money advanced by him less such sum of money as might be due from him to the defendant on account of the furniture and fixtures, allowing the defendant the fair market value of the articles sold by the plaintiff with interest. *Held, also,* that, as to the articles that had been placed in storage by the plaintiff, the plaintiff had the right, after he had offered them to the defendant and the defendant had refused to receive them, to sell them at auction in a proper manner and credit the defendant with the proceeds, deducting the commission of the auctioneer. *Held, also,* that the plaintiff, having stored these articles for his own convenience, should pay the storage charges and was given no rights by St. 1907, c. 582, §§ 28, 29, relating to the warehouseman's lien.

BILL IN EQUITY, filed in the Supreme Judicial Court on July 3, 1912, by the trustee in bankruptcy of the estate of Aaron Mendelsohn of Boston, against Stanley M. Bolster, as trustee, and Anna M. Potter, who, except where otherwise stated, is referred to in the opinion as the defendant.

The bill alleged that on June 16, 1911, Mendelsohn entered into a contract in writing with the defendant Anna M. Potter; that by the terms of such agreement Potter agreed to sell to Mendelsohn for the sum of $20,000 the liquor and innholder's licenses which theretofore had been issued by the licensing board for the city of Boston to Potter for the sale of intoxicating liquors at a certain hotel owned by Potter in Boston and known as Potter's Hotel, together with certain articles of personal property in the hotel, the good will of the business of the hotel, and the right to use the name "Potter's Hotel;" that the sale under the contract was contingent upon the licensing board granting new licenses to Mendelsohn; that Mendelsohn, before his adjudication as a bankrupt, had paid Potter various sums of money in anticipation that the contract could be carried out, such payments aggregating $5,500; that Potter delivered to Mendelsohn certain articles of personal property, being a part of the property which Potter agreed to convey to Mendelsohn by the contract, in anticipation of its being carried out; that the value of such articles of personal property was very small; that neither of the parties to the contract intended to consummate the sale set forth in the contract nor to assume any liability thereunder unless and until the licensing board should approve Mendelsohn as a proper person to receive licenses and should grant and issue to him licenses for the sale of intoxicating liquors at the hotel in place of the licenses held by Potter, and also unless and until Mendel-

sohn should be given a satisfactory lease of the building known as Potter's Hotel; that the licenses were the things of most value to be transferred by Potter, and that the other property mentioned in the contract was of no value to Mendelsohn unless he should obtain the licenses, all of which was known to Potter at the time of the making of the contract; that Mendelsohn never received any lease of the building, and that the board refused to permit the licenses held by Potter to be transferred to Mendelsohn; that, in consequence, Potter has never been able to carry out her part of the contract, and that the consideration thereof which was to move from Potter to Mendelsohn failed; that, because of the inability of Potter to transfer her business to Mendelsohn as aforesaid, and the consequent failure of the consideration of the contract, the sum of $5,500 which Mendelsohn had paid to Potter in anticipation of the contract being carried out, became due in law and in equity to Mendelsohn; that Mendelsohn, and the plaintiff as the trustee of his estate in bankruptcy, offered to return to Potter the articles which she had delivered to Mendelsohn as aforesaid, and that Potter refused to receive them; that therefore these articles were sold, and that the plaintiff was willing, and offered to account to Potter for their value; that recently Potter sold to some third person her said licenses, the good will of her business, and all the property described in the contract, except such articles as had been delivered to Mendelsohn, for the price of $20,000; that at the time of the transfer by Potter of her licenses to such third party, the licensing board requested and required Potter to deliver a fund of $5,500 to the defendant Stanley M. Bolster, Esquire, to be held in trust by him for the benefit of Mendelsohn's estate, and that said Bolster now holds such fund upon such trust; that the plaintiff has requested said Bolster to pay over to him said fund of $5,500, but that he has refused so to do.

The plaintiff prayed for an accounting, and that the defendant Bolster, as trustee, be ordered to pay to the plaintiff, whatever sum the court should find to be due to the plaintiff, for costs and for further relief.

The case was heard by *Morton*, J., who made a finding of facts, including those which are stated in the opinion. The justice found that there had been no waiver by Mendelsohn

of the condition in regard to the innholder's license and the license for the sale of intoxicating liquors, and that such condition was still in full force and effect. He found that the plaintiff was entitled to recover from the defendant Potter the sum of $5,500, paid by Mendelsohn to her, and that the money in the hands of Bolster constituted a fund held by him for the benefit of the plaintiff. He ordered that an interlocutory decree should be entered accordingly, and that the case be sent to a master to ascertain and report for what, if anything, the plaintiff was accountable to the defendant Potter on account of the furniture and other articles taken from or left in Potter's Hotel by Mendelsohn or the plaintiff.

The interlocutory decree was entered, and the case was referred to Walter F. Frederick, Esquire, as master, for the purpose stated in that decree.

Later the case came on to be heard by *De Courcy,* J., who reserved it upon the bill, the answer of the defendant Potter, the findings of fact, the interlocutory decree, the master's report, and the exceptions of both parties thereto, for determination by the full court.

*Lee M. Friedman,* (*A. W. Putnam* with him,) for the plaintiff.
*P. G. Bolster,* for the defendants.

BRALEY, J. The single justice found that, unless the bankrupt, to whose rights the plaintiff has succeeded, could obtain a transfer of the liquor license and of the innholder's license from the defendant Potter, the remaining personal property enumerated in the contract of sale would be of no value to him. It was upon this mutual understanding, as he further finds, that the contract was entered into under which the partial payments of the price were made. The correlative finding, that the licenses "were the principal things contracted for," makes their obtainment the main object or the essence of the contract. The licensing board having refused consent, there was a failure of consideration which generally would entitle the buyer to rescind, and upon rescission to have the money advanced upon the purchase price refunded. *Ballou* v. *Billings,* 136 Mass. 307.

The defenses of waiver and abandonment were questions of fact, and may be dismissed, as the judge has found the conditions of sale to be "still in full force and effect." *Metropolitan Coal*

*Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391. - *New York Central & Hudson River Railroad* v. *Chelsea,* 213 Mass. 40, 45.

It is urged, that, the payments having been made pursuant to the contract, where no misrepresentations were made by the defendant, and the buyer knew of the uncertainty of procuring the board's approval, such payments were voluntary. *Hill* v. *Green,* 4 Pick. 114. But this defense also is disposed of by the findings, that both parties throughout the negotiations relied on the expectation that eventually the licenses would be transferred, and that neither had actual knowledge until the event, that the action of the board would be adverse. *Appleton Bank* v. *McGilvray,* 4 Gray, 518.

The rule, moreover, that where a party pays what the law would not have compelled him to pay, but which in equity and good conscience he ought to pay, he cannot recover the payment back in an action for money had and received, is inapplicable where it is sought to recover amounts paid on a contract the consideration of which has wholly failed, or where the plaintiff has a right to rescind because the defendant has failed to perform without fault on his part, or cannot perform. *Sargent* v. *Adams,* 3 Gray, 72, 81, 82. *Homer* v. *Shaw,* 212 Mass. 113. It may be in the present case that performance became impossible without fault of either party, but this would not confer on the defendant the right in equity to retain money for which no equivalent had been given. *Foote* v. *Cotting,* 195 Mass. 55. *Newell* v. *Hadley,* 206 Mass. 335, 342, 343.

But the defendant's main contention seems to be, that, as the sale included the personal property in the hotel which the bankrupt took possession of and removed, the consideration is entire and unapportionable, nor can the existing state of things at the date of the contract be restored if rescission is decreed. It appears, that the defendant, after the board refused to recognize the bankrupt as licensee, sold the licenses to a third party for a price which gave her full compensation for all that she had proposed to part with to the bankrupt, and the board as a condition of making the transfer required her to deposit with the defendant Bolster so much of the money as would fully cover the payments made under the contract in question. The bill seeks to recover the

moneys paid and to charge this fund in payment. The authority of the license commissioners to make this order, not having been questioned by the parties, need not be considered, and the fund may be treated as deposited for the bankrupt's use, if the right of rescission existed at the date of adjudication.

The acts of the bankrupt in taking possession of the furniture and fixtures, removing them from the hotel and placing a part of them in his own name in a storage warehouse, and the sale of the remainder with the receipt of the proceeds, preclude any right to rescind at law. *Drohan* v. *Lake Shore & Michigan Southern Railway,* 162 Mass. 435, 439, and cases cited. It is plain, however, that to permit the defendant to retain this fund would be inequitable, and the bill can be maintained for leave to rescind in so far as rescission is possible, and in granting relief conditions can be imposed which will fully preserve the defendant's rights. *Thomas* v. *Beals,* 154 Mass. 51, 55. *Parker* v. *Simpson,* 180 Mass. 334, 343. *Long* v. *Athol,* 196 Mass. 497. *Warren* v. *Para Rubber Shoe Co.* 166 Mass. 97. *Hayward* v. *Leeson,* 176 Mass. 310. *Hayes* v. *Hall,* 188 Mass. 510, 512. *Braman* v. *Foss,* 204 Mass. 404.

The interlocutory decree ordered by the single justice, that the plaintiff is entitled to recover from the defendant the amount paid to her by the bankrupt less such sum as may be due on account of the furniture and fixtures, adjudging the fund to be held for the benefit of the plaintiff, directing that it be applied in payment, and referring the case to a master to state the account, was rightly entered.

The exceptions of each party to the master's report remain. The history of the bankrupt's possession, and the necessity which arose requiring prompt removal of the property from the hotel, is detailed in the report. It is expressly found, that he acted in good faith and that in disposing of the property his conduct was that of an ordinarily prudent and careful business man. But the defendant's second sale did not cover the personal property. If the plaintiff asks for rescission he must in so far as possible restore the situation as of the date of the contract. The premises have passed from the defendant's control, and the furniture and fixtures having been converted cannot be restored. The master allowed the defendant the fair market value, with interest, of the articles which the bankrupt himself had sold. This is the meas-

ure of damages in actions for conversion, and the amount assessed gives full compensation. *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway,* 187 Mass. 500, 506. *Boles* v. *Merrill,* 173 Mass. 491. But as some of the articles had been placed in storage and remained unsold, the plaintiff upon his appointment offered to return them to the defendant. The offer was rejected. No obligation to return property which after the notice was at the owner's risk if rescission was made out, rested upon the plaintiff. *Alden* v. *Hart,* 161 Mass. 576. St. 1908, c. 237, § 50. The master, however, having determined that upon the defendant's refusal the sale by the plaintiff was the best thing to do in the interest of the parties, and that it was made at public auction in a proper manner, the defendant is to be credited with the proceeds after deducting the commission of the auctioneer. It is hardly necessary to point out, that the rule which obtains where the resale is by the seller for the buyer's account upon his refusal of acceptance, has no application. *Putnam* v. *Glidden,* 159 Mass. 47, 50. See St. 1908, c. 237, § 60. The charge for storage should not be deducted.

The St. of 1907, c. 582, §§ 28, 29, relied on by the plaintiff, gives a lien to the warehouseman against the true owner, where the goods are deposited by a person liable as debtor, if he has been so entrusted with possession that a pledge of the goods by him would have been valid to a pledgee who took them for value and in good faith. The plaintiff under the master's findings is not remitted to the right of the warehouseman, for, the bankrupt having stored the goods for his own convenience, his estate should pay the charges.

The exceptions of each party to the report should be overruled, the report confirmed, and in accordance with the interlocutory decree the total credits as stated by the master deducted from the sum due the plaintiff. If the fund is insufficient to satisfy the demands, execution is to issue for the balance remaining due.

*Decree accordingly with costs.*