ISREAL LEFEVRE & another *vs.* CHARLES CHAMBERLAIN & another.

Berkshire. September 11, 1917. — October 23, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Equity Pleading and Practice*, Appeal, Decree. *Contract*, Rescission. *Equity Jurisdiction*, To rescind contract, Retaining bill. *Damages*.

In a suit in equity where a master has made a report in favor of the plaintiff, to which the defendant has filed exceptions, and, upon a hearing on the exceptions and on a motion to confirm the report, the trial judge makes an interlocutory decree overruling the exceptions, confirming the report and adopting the findings therein, from which the defendant takes no appeal, and later by order of the same judge a final decree is entered in favor of the plaintiff, from which the defendant appeals, the only question open on the appeal is whether on the record the bill can be maintained.

In a suit in equity to rescind a contract for the exchange of real estate procured by false and fraudulent representations of the defendant as to the boundaries of a farm which he conveyed to the plaintiff in exchange for a conveyance of real estate made to him by the plaintiff, it is not necessary that the plaintiff should have offered to return the farm with its appurtenant personal property to the defendant before filing his bill, if he offers in the bill to do so, and in his prayer for relief offers to make such restitution as may be ordered by the court.

In the suit in equity described above, it appeared that, after the decree ordering rescission and reconveyances and after the appeal therefrom, the buildings on the land conveyed by the plaintiff to the defendant had been destroyed partially by fire, so that if the defendant should reconvey as ordered by the decree the plaintiff's former estate would not be restored to him, and it was *held*, that under these circumstances the bill would be retained for the assessment of damages.

In the same suit it had been found by the master that the part of the farm as falsely described by the defendant which proved to be outside the actual boundaries consisted of a tract of wood and timber land which the master valued at $769.50, and the plaintiff stated without dissent on the part of the defendant that he would accept this sum as a substitute for specific relief, and it was *said* that this properly brought the measure of damages within the rule that in an action for deceit the damages are measured by the difference between the value actually received and what that value would have been if the representations had been true.

In the same suit this court under St. 1913, c. 716, § 2, having before them "all the facts necessary for determining the question in dispute," ordered an amendment of the decree by striking out the order for a rescission and reconveyances and inserting in its place an order for the payment of damages in the sum agreed.

BILL IN EQUITY, filed in the Superior Court on March 10, 1916, to rescind a contract for an exchange of real estate, in pursuance of which the plaintiffs conveyed to the defendants certain real estate on Friend Street in Adams and the defendants conveyed to the plaintiffs a farm in Savoy owned by the defendant Charles Chamberlain and called Chamberlain farm, on the ground that the defendant Charles Chamberlain falsely and fraudulently represented that the Chamberlain farm contained one hundred and twenty acres of land, whereas the deed of the defendants conveyed only seventy-three acres of land and the most valuable part of the land pointed out by the defendant Charles Chamberlain as constituting the farm was found to be outside the true boundary lines thereof. The bill alleged that after purchasing the farm and personal property from that defendant the plaintiffs, believing that the boundaries were as represented by him sold the farm and personal property to one Antonio Chaliux, and pointed out to him the boundaries which the defendant Charles Chamberlain had shown to them and represented to Chaliux that those were the boundaries of the premises they conveyed to him by their deed; that immediately before the filing of their bill the plaintiffs discovered that the representations made by the defendant Charles Chamberlain as to the acreage and his representations that the stones and iron pins pointed

out by him were the corners of his farm were false; that the plaintiffs thereupon felt bound to rescind the contract of sale they had entered into with Chaliux and rescinded that sale and thus at the time of filing this bill were the owners of the premises and the personal property conveyed to them by the defendants; that the plaintiffs called the attention of the defendants to the allegations set forth in the bill and demanded a return of the Friend Street premises, and offered to return to the defendants the premises conveyed to them and the personal property, but that the defendants refused to rescind the contract. The prayer asked that the defendants be ordered to rescind the contract and to execute, acknowledge and deliver to the plaintiffs a warranty deed of the Friend Street premises conveying a title thereto good in every manner as they had received the premises from the plaintiffs, upon the plaintiffs making such restitution to the defendants as the court should order, which the plaintiffs offered to do.

The case was referred to a master, who filed a report containing the findings that are stated in the opinion. The defendants filed exceptions to the master's report, and the case was heard by *Wait,* J., upon the defendants' exceptions to the master's report and a motion of the plaintiffs to confirm the report. The judge made an interlocutory decree overruling the defendants' exceptions to the master's report, confirming the report and adopting "the findings therein."

Later by order of the same judge a final decree was entered, ordering that upon the payment or tender to the defendants by the plaintiffs of the sum of $186, and the return or tender of the personal property mentioned in the master's report and the delivery or tender of a good and sufficient warranty deed, conveying the premises at Savoy, Massachusetts, described in the deed of Charles Chamberlain to the plaintiffs dated July 18, 1914, to the defendant Charles Chamberlain, free from all incumbrances, and executed and acknowledged by the plaintiffs, the defendants should execute, acknowledge and deliver to the plaintiffs a good and sufficient warranty deed of the premises on Friend Street in Adams, Massachusetts, described in the deed of the plaintiffs dated July 18, 1914, free from all incumbrances, and further should pay to the defendants [plaintiffs] their costs in the sum of $32.28.

The defendants appealed from the final decree.

*P. J. Ashe,* (*W. S. Morton* with him,) for the defendants.

*C. H. Wright,* (*W. J. Donovan* with him,) for the plaintiffs.

BRALEY, J. .The defendants not having appealed from the interlocutory decree overruling their exceptions and confirming the master's report, the only question on the appeal from the final decree is whether on the record the bill can be maintained.

From the very full findings of the master it is plain, that in the exchange between the parties of the lands in question the plaintiffs, through the false and material representations of the defendant Charles Chamberlain as to the area of the farm as shown by the boundaries pointed out to them by him, which they believed to be true, were induced to part with their own property of greater value. *Worcester* v. *Cook,* 220 Mass. 539. After deeds had been passed and change of occupancy effected, the plaintiffs discovered the fraud, and thereupon, instead of affirming the trade and suing at law for damages, they resorted to equity for rescission and appropriate relief. *Ginn* v. *Almy,* 212 Mass. 486, 493. *Winston* v. *Pittsfield,* 221 Mass. 356, 358.

Nor was it necessary, as the defendants contend, that before bringing suit the plaintiffs should offer to return the property they had received, which included not only the farm, but also some live stock, poultry, farming tools, carriages and harnesses. *Ginn* v. *Almy,* 212 Mass. 486. The filing of the bill was sufficient notice of the election, and, if full restoration could not be made by either party, compensation could be decreed. *Arnold* v. *Maxwell,* 223 Mass. 47. It is therefore of no consequence, that at the time the offer to rescind as alleged in the bill was made, the title was in one Chaliux to whom before they knew of the deception the plaintiffs had conveyed. The title having been held by them under a reconveyance from Chaliux when the bill was filed, and they having offered in the prayer for relief to make such restitution as might be ordered, the only defence urged is untenable.

But it was stated by the parties at the argument, that since the appeal the buildings on the premises conveyed by the plaintiffs have been partially destroyed by fire, and, if the defendants reconvey as ordered by the decree, the plaintiffs would not be revested with their former estate. It is settled that under such circumstances and where strict rescission, with specific performance is no longer possible, the bill can be retained for the assessment of

damages.  *American Stay Co.* v. *Delaney,* 211 Mass. 229, 233. *Arnold* v. *Maxwell, ubi supra.*

The master having found that the shortage in area consisted of a tract of wood and timber land which he valued at $769.50, the counsel for the plaintiffs stated without any dissent being expressed by the counsel for the defendants, that, if entitled to prevail, they were willing to accept this amount in full satisfaction, and waive all rights to specific relief.  The measure of recovery is thus brought within the rule, that in an action for fraud and deceit damages are measured by the difference between the actual value received, and what that value would have been if the representations had been true.  *Thomson* v. *Pentecost,* 210 Mass. 223.

The appeal vacated the decree as to the defendants, and under St. 1913, c. 716, § 2, this court, having before it "all the facts necessary for determining the question in dispute," can in conformity therewith direct the entry of a final decree.  It follows that the decree appealed from must be amended by striking out after the words "it is ordered, adjudged and decreed," the remaining terms to the words, "and further shall pay to the defendants their costs in the sum of thirty-two dollars and twenty-eight cents," and by inserting in lieu thereof the words, "that the plaintiffs recover of the defendants the sum of seven hundred sixty-nine and fifty one hundredths dollars as damages," and by adding to the closing sentence, "and execution for said damages and costs is to issue." As thus amended the decree is affirmed with costs of the appeal.

*Ordered accordingly.*