[Civ. No. 5132. Second Appellate District, Division One.—April 7, 1928.]

H. E. MOSTELLER, Respondent, v. N. C. BRAHAM, Appellant.

Fairfax Cosby and Brewton A. Hayne for Appellant.

Carlyle Wynn for Respondent.

CONREY, P. J.—In this appeal from a judgment enforcing rescission of a contract of sale, the record consists of the judgment-roll only. The facts are as shown by the findings. The defendant, for the purpose of inducing the plaintiff to purchase from defendant at a price of $2,500 a certain lunch-room, etc., made sundry representations of fact, which representations were false. Relying upon those representations, the plaintiff agreed to purchase the property at the price of $2,500, of which $1,000 was actually paid to the defendant. Promptly after discovering that said representations were false, the plaintiff gave written notice of rescission and offered to return to defendant the leased premises, together with the personal property therein contained, upon condition that defendant return to plaintiff said sum of $1,000. The personal property connected with said business, including the lease, goodwill, etc., at the date of the sale did not exceed in value the sum of $300. The defendant refused to return said sum of $1,000, and the plaintiff continued in possession and conducted the business in a proper and well-managed manner for a few months longer and then abandoned it. The court allowed to the defendant, as an offset to said sum of $1,000, the sum of $300 as the value of the property, and gave judgment against the defendant in the sum of $700 and costs.

The principal point urged by appellant is that the judgment made no provision for return of defendant's prop-

erty concurrently with his payment of the judgment. As the evidence is not before us, we are not able to say just what were the probative facts concerning the condition of the property at the time when the case was tried. Since the court found that said property was worth only $300 and actually allowed that amount in reduction of the sum of $1,000, which otherwise would have been the amount of the judgment, it seems clear enough that no injustice has been done to appellant by the form of relief to plaintiff as accorded by the judgment. The condition of the business of the restaurant after the defendant refused plaintiff's demand for rescission was such that the plaintiff could not reasonably be required to maintain it indefinitely for the benefit of the defendant. ██ "It is not an invariable rule that the rescission of a contract obtained by fraud will be denied merely upon the ground that the parties cannot be placed *in statu quo*. If equity can still be done between the parties courts will grant relief to the defrauded party." (*Breen* v. *Duvergey*, 146 Cal. 379, 389 [80 Pac. 234, 238].)

The judgment is affirmed.

Houser, J., and York, J., concurred.