ANNA P. RUDNICK vs. MORRIS RUDNICK & others.

Suffolk.   November 22, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Rescission, To relieve from fraud, Laches. *Fraud.*
*Equity Pleading and Practice*, Decree: after rescript.

False representations by a seller of real estate to the purchaser to the
effect that the rents stated in certain leases to tenants of the property
were the rents actually being received, which representations were made
as of the seller's own knowledge and with intent that the purchaser
should act upon them and which induced the purchaser to buy, were
material and were a ground for rescission of the sale by the pur-
chaser, although the seller did not know that they were false and al-
though the leases in question had been given by a previous owner of
the property subject to a mortgage thereof and were ineffective against
the seller and the purchaser because the seller had bought the prop-
erty at a sale in foreclosure of the mortgage.

The purchaser was entitled to rely on the representations above de-
scribed without having investigated their truth by inquiry of the
lessees.

In a suit in equity for rescission of an exchange of real estate on the
ground of material false representations made by the seller, it ap-
peared that the seller had made such misrepresentations; that, as
part of the exchange, the plaintiff conveyed the equity of redemption
in his property to the defendant, paid the defendant a sum in cash
and gave the defendant a second mortgage on the property conveyed
by the defendant to the plaintiff; that the plaintiff subsequently paid
the amount of the second mortgage to an innocent assignee thereof;
that the defendant conveyed to an innocent purchaser the property
conveyed to him by the plaintiff and therefore could not restore it
to the plaintiff; and that the suit was commenced about three months
after the plaintiff discovered the falsity of the defendant's represen-
tations. A final decree was entered providing that, if the plaintiff,
within a certain time, should tender to the defendant a reconveyance
of the property conveyed to him by the defendant and a certain sum
found due the defendant from the plaintiff upon an accounting of
rents and expenses, the defendant should pay to the plaintiff a sum
equal to the total of the value of the equity of redemption originally
conveyed by the plaintiff to the defendant, the sum then paid in cash
by the plaintiff to the defendant and the amount of the second mort-
gage given by the plaintiff to the defendant and paid by the plaintiff
to the defendant's assignee. Upon appeal by the defendant, it was
*held*, that

(1) The suit was commenced seasonably; and it could not properly have been ruled that the plaintiff had affirmed the exchange;

(2) The plaintiff was not deprived of his right to rescission by the circumstance that the defendant, before the commencement of the suit, had conveyed to an innocent purchaser the property conveyed to him by the plaintiff; the defendant rightly was ordered to make compensation to the plaintiff in money for the property which he could not restore to the plaintiff;

(3) The final decree must be affirmed;

(4) The affirmance of the final decree did not prevent the Superior Court, in entering a new final decree after rescript, from bringing up to the date of such new decree the accounting of rents and expenses, as well as the interest.

BILL IN EQUITY, filed in the Superior Court on February 27, 1931, with a common law writ in trustee process dated January 30, 1931, seeking rescission of an exchange of real estate.

The suit was heard by *Weed*, J., a stenographer having been appointed. Material facts found by the judge and decrees entered by his order are described in the opinion. The judge ruled, among other things, that the suit was commenced seasonably. The defendant Morris Rudnick appealed from each decree.

*N. A. Heller*, (*D. C. Sachs* with him,) for the defendant Morris Rudnick.

*E. Miller*, (*S. Miller* with him,) for the plaintiff.

LUMMUS, J. On June 24, 1930, the plaintiff exchanged an equity of redemption in real estate owned by her on Winchester Street in Brookline for an equity of redemption in real estate on Winthrop Road in Brookline, owned by the defendant Morris Rudnick, hereinafter called the defendant. The equity of redemption conveyed by the plaintiff to the defendant was worth $1,700, she paid $2,000 in cash, and she gave the defendant a note secured by second mortgage for $2,000 upon the real estate on Winthrop Road received in the exchange, which note and mortgage passed into the hands of an innocent purchaser and have been paid and discharged by the plaintiff. Thus the real estate on Winthrop Road cost her $5,700.

On January 30, 1931, she brought this bill in equity for rescission of the exchange. The defendant had conveyed

to an innocent purchaser the real estate on Winchester Street, and could not restore it to the plaintiff. After hearing, the judge entered an interlocutory decree establishing the plaintiff's right, upon tender to the defendant of a deed of the property on Winthrop Road, to obtain from the defendant by way of rescission $5,700 with interest from June 24, 1930, subject, however, to an accounting of rents and expenses after that date. The case was then referred to a master for an accounting of rents and expenses, as to which no question arises. After the confirmation of the master's report, a final decree was entered on March 22, 1932, ordering the defendant, upon tender by the plaintiff of a deed reconveying the equity of redemption in the property on Winthrop Road, and of a balance amounting to $392.63 due to the defendant upon the accounting, to pay to the plaintiff the sum of $5,700 with interest from June 24, 1930; and providing that in default of tender within thirty days after the entry of final decree, the bill shall be dismissed.

The defendant appealed from the interlocutory decree establishing the right to rescission, and from the final decree. The evidence before the judge, and his report of material facts, are before us. His findings of fact, as well as his rulings of law, are open for review, but his findings based upon oral evidence will not be overturned unless plainly wrong. *Berman* v. *Coakley*, 257 Mass. 159, 162. The judge found that the plaintiff was induced to make the exchange by false representations, made by the defendant as of his own knowledge with intent that the plaintiff should act upon them, to the effect that the rents stated in leases given by a former owner of the equity of redemption to tenants of the property on Winthrop Road were the rents actually being received, whereas in truth the rents received were substantially less. This finding, though contrary to testimony for the defendant, had ample support in the evidence. These representations were material (*Mignault* v. *Goldman*, 234 Mass. 205; *McCarthy* v. *Reid*, 237 Mass. 371, 372; *Rykiel* v. *Sklaver*, 259 Mass. 608), even though the foreclosure of a mortgage having priority over the

leases and the purchase by the defendant at the foreclosure sale had made the leases ineffective against the defendant or the plaintiff. The plaintiff in the exercise of reasonable diligence might believe the defendant's representations, without investigating among the tenants. *Lee* v. *Tarplin*, 183 Mass. 52. There is nothing inconsistent with this in *Gaucher* v. *Solomon*, 279 Mass. 296. We see nothing in the conduct of the plaintiff from October 31, 1930, when she first discovered the truth, until January 30, 1931, when she brought suit, that amounts to an affirmance of the exchange. The finding that the defendant did not know that his representations were false does not aid him. His conduct was none the less a fraud in law, entitling the plaintiff to rescission. *Bates* v. *Cashman*, 230 Mass. 167. *Loomis* v. *Pease*, 234 Mass. 101, 107. *Andreottala* v. *Gaeta*, 260 Mass. 105, 109, 110. *Des Brisay* v. *Foss*, 264 Mass. 102, 111. See also *Alpine* v. *Friend Bros. Inc.* 244 Mass. 164, 167.

The plaintiff, who is prepared to return the property received in the exchange, is not deprived of her right to rescission by the conveyance before suit of the Winchester Street property from the defendant to an innocent purchaser. The defendant was rightly ordered to make compensation to the plaintiff in money for the property that he cannot restore to her. *O'Shea* v. *Vaughn*, 201 Mass. 412, 423. *Cook* v. *Scheffreen*, 215 Mass. 444, 449. *Lefevre* v. *Chamberlain*, 228 Mass. 294, 297. *Stevens* v. *Mulcahy*, 261 Mass. 116.

The affirmance of the final decree will not prevent the Superior Court, in entering a new final decree after rescript (*Sunter* v. *Sunter*, 204 Mass. 448, 453), from bringing up to the date of such decree the accounting of rents and expenses, as well as the interest. *Day* v. *Mills*, 213 Mass. 585. *Malden Center Garage, Inc.* v. *Berkowitz*, 269 Mass. 303, 307. *Hobbs* v. *Cunningham*, 273 Mass. 529, 536.

*Interlocutory and final decrees affirmed with costs.*