FRED N. LAWRENCE & others vs. CAROLYN F. HOUGHTON
& others.

Barnstable.   October 7, 1936. — January 25, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Prescription. Way, Private.*

Use, not permissive, of a "lane or rutted road" by a landowner and his predecessor in title over adjoining land for more than thirty-five years, although sometimes travel departed from the line of the road and although the land and the road were not used in the winter, required a conclusion that a right of way by prescription had been acquired.

BILL IN EQUITY, filed in the Superior Court on October 15, 1934.

From an interlocutory decree upon exceptions to a report and a supplemental report of a master and a final decree granting relief to the plaintiff, entered by order of *Greenhalge*, J., the defendants appealed.

*F. R. Walsh*, (*A. N. Swain* with him,) for the defendants.
*K. E. Wilson*, for the plaintiffs.

LUMMUS, J.   The parties are summer residents in the Richville district of Truro.  The defendants own tracts of land just south of a town way called Corn Hill Road. The plaintiffs own parcels of land south of the tracts of the defendants.  The plaintiffs have access to their parcels over a less convenient road known as the Marsh Road, south of their parcels.  The Marsh Road is not a town way, and at certain periods of high tides is impassable.  The plaintiffs claim a right of way by prescription over the tracts of the defendants.  The defendants obstructed the way claimed, and on October 15, 1934, the plaintiffs brought this bill to restrain further obstruction.

The only question is, whether the plaintiffs and their predecessor in title acquired a right of way by prescription. See *Leonard* v. *Leonard*, 7 Allen, 277; *Dubinsky* v. *Cama*, 261

Mass. 47, 56. A master found that there was no right of way, but the judge found upon the subsidiary facts reported by the master that the plaintiffs have established a right of way by prescription between Corn Hill Road and their parcels, over the tracts of the defendants. A plan was filed defining the way with exactness. It runs southerly from Corn Hill Road, and then divides into two branches or forks to reach the parcels of different plaintiffs. From a final decree establishing the right of way and enjoining against obstruction, the defendants appeal.

The subsidiary facts reported are substantially as follows. In 1895 the lands of the parties were used for drying and repairing fish nets. Even then a rutted road existed, used by vehicles and pedestrians, in substantially the same location as the way defined in the decree. The use of the land for fish nets ceased about 1920. As early as 1897 one Corlew, from whom the plaintiffs derive their titles, operated a summer hotel on a tract of land which included the parcels of the plaintiffs. Corlew owned the hotel until 1923, and it still stands. Since acquiring their titles less than twenty years before their right to use the way was challenged, the several plaintiffs have used the road in question, on foot and with vehicles, as Corlew had done before them from the year 1897, although sometimes travel departed from the line of the road. The road was not used during the winter season, for no one lived on the land of the plaintiffs during the winter. The use of the road was not permissive. No objection to the use of the road was made until late in 1933.

The powers of a judge in reviewing conclusions of fact reached by a master are stated in *MacLeod* v. *Davis*, 290 Mass. 335, and *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24. The subsidiary facts were reported pursuant to a decree recommitting the case to the master "to report more fully, without hearing evidence, the subsidiary facts upon which he concluded" that the elements of prescription were not established. We must assume that the master reported all subsidiary facts upon which his conclusion rested.

We think that the correct conclusion from the subsidiary facts is the one reached by the judge. Although travel did not always follow the road, the fact that for more than thirty-five years the road existed as a "lane or rutted road," indicates that in general the travel was over the road. The case is not governed by *Hoyt* v. *Kennedy*, 170 Mass. 54. The fact that the land and the road were not used in the winter did not destroy the continuity of the use of the road for the purposes of prescription, as the master appeared to think. *Pollard* v. *Barnes*, 2 Cush. 191. *Bodfish* v. *Bodfish*, 105 Mass. 317. Compare *Curtis* v. *Brown*, 219 Mass. 157, *McDonough* v. *Everett*, 237 Mass. 378, and *Dow* v. *Dow*, 243 Mass. 587, cases of adverse possession.

*Decree affirmed with costs.*