JOHN P. CONDON CORPORATION & another *vs.* STATE LINE CONTRACTORS, INC. & another.

Suffolk.    April 5, 1967. — July 7, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & REARDON, JJ.

*Public Works. Interest. Equity Pleading and Practice,* Master: findings. *Contract,* What constitutes.

In a suit in equity by a subcontractor on a public construction project against the general contractor and the surety on its statutory security bond, an ultimate finding by a master, without supporting subsidiary findings, that on a certain date many days before making the last of a series of deliveries to the general contractor the plaintiff had made a demand for the amount due him upon the surety, in the circumstances was final and binding on the trial court and on this court on appeal, and the plaintiff was entitled to interest from the date of demand; the demand did not destroy the effectiveness of the sworn statement of claim filed by the plaintiff within ninety days of his final delivery as required by G. L. c. 149, § 29, and he was entitled to the benefit of the statutory security.  [139–140]

Findings by a master in a suit in equity warranted conclusions that a subcontractor's quotation of prices for materials it would furnish the general contractor on a public construction project did not constitute a contract between the parties, that each delivery of materials subsequently made was a separate transaction, and that the subcontractor was entitled to payment for such materials from the statutory security at the fair and reasonable prices it had charged.  [140–141]

BILL IN EQUITY filed in the Superior Court on May 7, 1965. The defendant New Amsterdam Casualty Company ap-

pealed from decrees entered by *Pecce, J.,* after hearing the suit on a master's report.

*Vincent Galvin* for New Amsterdam Casualty Company.

*Bernard Helman* for John P. Condon Corporation.

*Herman Snyder* for the intervener New England Metal Culvert Company.

REARDON, J.    The plaintiff John P. Condon Corporation (Condon) brought this suit against E. V. Del Duca Construction Co., Inc., the former name of State Line Contractors, Inc. (State Line), to enforce a claim for labor and materials furnished by it to State Line in its performance of a contract with the Commonwealth acting by the Department of Public Works (Department) for construction of a section of State Highway.    The other defendant is New Amsterdam Casualty Company (New Amsterdam), surety on a bond furnished by State Line under G. L. c. 149, § 29, to secure payment to subcontractors for labor performed and materials supplied to State Line.    New England Metal Culvert Company (New England) was allowed to intervene to press a claim for labor and materials furnished by it to State Line under the same prime contract.    The matters were referred to a master who found that Condon entered into a contract with State Line to furnish certain materials in connection with State Line's contract; that the materials were delivered over a period between September, 1962, and November 27, 1964; that there was no dispute on the price of the materials which was fair and reasonable; and that on December 9, 1964, Condon filed with the Department a sworn statement of its claim in the sum of $121,178.55 in accordance with G. L. c. 149, § 29.    The master ultimately found State Line and New Amsterdam to be jointly and severally liable to Condon for $120,494.46, the difference between what was owed and what had been paid "with interest from September 9, 1964, the date of demand to May 17, 1966, the date of filing this report." Relative to New England, the master found that its claim of $7,972.55 was fair and reasonable; that materials alleged to have been delivered were in fact delivered; that New

England's prices were never disputed by State Line; that State Line was at no time bound to purchase materials from New England nor was New England bound to sell to State Line; and that on September 1, 1964, New England filed with the Department its sworn statement of claim in accordance with the statute. The master ultimately found that State Line was indebted to New England for the full amount of the claim with interest "from May 28, 1965, the date of demand to April 1, 1966, the date of the filing of this report."

The master's reports concerning Condon and New England were confirmed by interlocutory decrees, following which final decrees were entered. New Amsterdam has appealed from the two final decrees.

1. New Amsterdam argues that it is not liable to Condon for interest from September 9, 1964, in that the master made no subsidiary finding that any demand was made upon it prior to the filing of the suit by Condon, and that since the last date of Condon's performance was November 27, 1964, "[i]t is highly unreasonable to assume that a demand would be made upon the surety company before the work was completed." New Amsterdam further argues that had a demand been made on September 9, 1964, it would have been premature and ineffectual. The record, however, is silent on whether the order of reference to the master contained authority for him to report the evidence and no party made a request that he furnish a summary of the evidence as provided by Rule 90 of the Superior Court (1954). The master's findings are thus to be accepted as final unless they are mutually inconsistent or plainly wrong. *Peabody Gas & Oil Co.* v. *Standard Oil Co. of N. Y.* 284 Mass. 87, 88. *Flynn* v. *Korsack,* 343 Mass. 15, 17. The master made an ultimate finding that there was a demand on September 9, 1964. If New Amsterdam considered itself aggrieved in that subsidiary facts upon which this finding was based were not found and reported by the master, it was open to it to move for recommittal which it did not do. *Lawrence* v. *Houghton,* 296 Mass. 407,

408. *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 436, and cases cited. In any event, as Condon has argued, the finding of the date of demand was sufficiently uncomplicated as a matter of fact as to obviate a more specific relation of subsidiary data leading to the ultimate conclusion. The account annexed to the bill which carries the running balance due to Condon indicates that on September 9, 1964, an amount was then due greatly in excess of what was ultimately determined due to Condon by the master.

The master's finding that Condon filed its sworn statement of claim on December 9, 1964 (its last delivery having been made on November 27, 1964), in no way vitiates the master's findings relative to the demand or the right to the benefit of the statutory security. Demand is not premature when made before performance is completed. The account annexed reveals a series of deliveries over many months. Since the record does not give us the contract between Condon and State Line it is inferable that progress payments were to be made as deliveries proceeded. The account annexed to the bill so indicates. See *Westinghouse Elec. Corp.* v. *J. J. Grace & Son, Inc.* 349 Mass. 664, 667–668. The demand of September 9, 1964, does not in any way destroy the effectiveness of the sworn statement of claim filed in compliance with the statutory requirement that it be filed within ninety days of final delivery. See G. L. c. 149, § 29. Here, Condon seasonably filed its statement twelve days after the last delivery.

2. New Amsterdam contends that the amount charged by New England for materials furnished State Line was not in accord with the terms of a contract which were allegedly based on a quotation submitted by New England on October 5, 1962. The findings of the master indicate that no contract came into being as a result of this quotation, and that each of ten deliveries made to State Line was a separate transaction. New England submitted monthly bills to State Line, the first two of which were paid as rendered. State Line also subsequently authorized the Department to pay the entire balance due New England

on the contract. The conduct of the parties is some evidence that they believed it to be a series of independent orders and deliveries rather than a contract based on the earlier quotation. The master further found that the charges made by New England were fair and reasonable and that it was entitled to payment in the amount of its claim.

3. We see nothing that demonstrates any error. See *Massachusetts Gas & Elec. Light Supply Co.* v. *Rugo Constr. Co. Inc.* 321 Mass. 20, 24.

*Decrees affirmed with costs of appeal.*